ALEXANDER C. MORRISON, PLAINTIFF, *v.* CHARLES S. LESTER, DEFENDANT.

*Section 321 of the Code—liability of assignee of cause of action after action commenced thereon, for costs—how enforced.*

Under section 321 of the Code, which provides that payment of costs may be enforced by attachment against an assignee of a cause of action after commencement of suit thereon, a demand was made against one Clarke for the costs of an action assigned to him during its pendency, and an order was thereupon made directing him to pay the same, and providing that upon the return of an execution against his personal property unsatisfied, a precept should issue to the sheriff committing Clarke to jail until he should pay the same. *Held*, that this order was unauthorized.

*Semble*, that the attachment mentioned in section 321 of the Code is an attachment against the person.

APPEAL by Thomas J. Clarke from a portion of an order made at Special Term, which portion is in the following words:

"And it is further ordered, that upon the return of such process unsatisfied, a precept issue to the sheriff requiring him to attach the body of the said Thomas J. Clark, and commit him to the common jail of the county to which such process is issued, and to keep and to detain him in custody until he shall pay the said costs in this action, together with the sum of ten dollars costs of this motion, and the fees of the said sheriff upon such process."

This action was brought to collect a claim of $5,000, and about twenty years' interest. After the action was commenced, and at issue, Thomas J. Clarke took an assignment of the action and cause of action, for one dollar, and continued the prosecution of it, although notified that he would be held for the costs.

The complaint was dismissed and judgment entered in favor of defendant for $319.96 costs, June 26, 1876.

The nominal plaintiff being wholly insolvent, a motion was made to compel the assignee to pay the judgment under section 321 of the Code.

An order was made at Special Term by which it was " ordered that the said Thomas J. Clarke pay to the defendant, or his attorney, the costs in this action, and that process in the nature of an execution against personal property may be issued to the sheriff of any county in this State founded upon this order, for the collection of said costs out of the personal property of the said Thomas J. Clarke.

And it is further ordered, that upon the return of such process unsatisfied, a precept issue to the sheriff requiring him to attach the body of the said Thomas J. Clarke, and commit him to the common jail of the county to which such process is issued, and to keep and to detain him in custody until he shall pay the said costs in this action, together with the sum of ten dollars costs of this motion, and the fees of the said sheriff upon such process."

*E. F. Bullard,* for the appellant T. J. Clarke.

*Charles C. Lester,* for the respondent.

*Per Curiam :*

The Code makes two persons liable for costs who are not parties to the action ; the guardian of an infant plaintiff (§ 316) and the

assignee of a pending action. (§ 321.) In both instances it declares that payment may be enforced by attachment. The appellant claims that by " attachment " in section 321, is meant an attachment against property. We think not. The word, when used without qualification, as it seems to us, usually designates attachment of the person. And again, when the word designates the seizure of property, generally, if not always, it means the taking and holding of property so that it may be liable to some subsequent action of the court. In other words, it designates *mesne*, not final process. If this section was intended to give a right to enforce the costs against property, the language would probably have been that the costs might be *collected* by *execution*.

This language, too, is the same that was used in 2 Revised Statutes (m. p., 619 ; [Edm. ed.], p. 643, § 44), where it was provided that where an action was brought by one person in the name of another, the payment of the costs might be enforced by attachment. And that language was well understood to mean an attachment against the person. But this matter has been considered and passed upon in respect to section 316 of the Code, which is identical in its language with section 321, under which the present question arises. In *Grantman* v. *Thrall* (31 How., 464) the Special Term had refused an attachment against the guardian of an infant plaintiff. The General Term reversed that decision and directed that an attachment issue. They held that even if this provision seemed to be in conflict with the act of 1847 (chap. 390, § 2), yet that, as the Code was enacted several years after that statute, this particular case must be deemed to be taken out of the effect of that act.

But another difficulty arises. In the present case, on a demand of the costs from the alleged assignee, a motion was made for an order requiring him to pay and for an attachment in case of his failure to do so. On the hearing of that motion, the assignee was ordered to pay the costs and it was at the same time ordered that on the return of an execution against his personal property therefor, a precept issue to the sheriff committing the assignee to jail till he pay the costs. This would be an absolute commitment and not merely process like a *ca sa*. And this course does not seem warranted by the Revised Statutes. (2 R. S. [m. p.], 535, §§ 4, 5, and [m. p.], 537, § 19.) The process ordered to issue would be such as might

be granted in case of fine for a contempt. (See §§ 23, 24, 25, p. 557.) Yet there is nothing in the papers to show the assignee guilty of a contempt of court. It would be clearly unjust to imprison him in close custody for not paying a bill of costs which he was perhaps unable to pay. The statute seems to intend that when an attachment is issued, the party on the return thereto, shall have an opportunity to excuse himself for his alleged misconduct. (§ 19, p. 556.) It might be a good excuse for him to show on the return of the attachment that he had no means of payment. But this need not be passed on here. It is not necessary for us here to decide whether process might not be issued in the nature of a *ca sa*, as was done in the case cited. It is enough to say that we think the order granted was not proper and should be reversed.

Order reversed with ten dollars costs and printing disbursements.

Present — LEARNED, P. J., and BOARDMAN, J.; BOCKES, J., taking no part.

Order reversed, with ten dollars costs, printing and disbursements, without prejudice to proper proceedings.